## WEISER et al. v. PORTABLE ELEVATOR MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1926.)

No. 3665.

1. Patents ⬤⟞328.

Caldwell reissue patent, No. 15,217, claims 4–7, covering ventilated grain crib stave, *held* not infringed.

2. Patents ⬤⟞328.

Caldwell patent, No. 1,421,763, claims 1–5, for a grain crib, *held* invalid for want of patentable novelty.

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

Suit by the Portable Elevator Manufacturing Company against Mrs. Mat Weiser and others, copartners. Decree for plaintiff, and defendants appeal. Reversed, with directions.

Otto R. Barnett, of Chicago, Ill., for appellants.

William V. Tefft, of Peoria, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Claims Nos. 4, 5, 6, and 7 of reissue patent No. 15,217, to Warren A. Caldwell, assignor to Caldwell Silo Company, a corporation, covering a "ventilated grain crib stave," and claims Nos. 1, 2, 3, 4, and 5 of patent No. 1,421,763 to Warren A. Caldwell, covering a "grain crib," were duly sustained and held to be infringed by the District Court. This appeal is to review such decree.

The two patents, in view of the number and different defenses, must be considered separately, although the later patent covering the crib makes use of the article covered by the stave patent.

[1] Respecting the reissue patent on the ventilated stave, numerous defenses have been interposed, but we have found it necessary to consider only one, infringement. Of the four claims held to be infringed, two are herewith set forth.

"6. A stave for grain crib construction having an elongated comparatively thin and narrow body provided with a ventilating opening extending transversely therethrough from one side face to the other, *and a plurality of bars extending longitudinally of said stave and across said opening and having their ends embedded in the material of said stave, said bars constituting reinforcing means for said stave and a grating for said opening.*

"7. A stave for grain crib construction having an elongated comparatively thin and narrow body provided with a ventilating opening extending transversely therethrough from one side face to the other, said stave having grating members extending across said opening and of sufficient strength to resist without rupture the internal pressure of grain and to prevent entry of rodents."

Claim No. 6 is representative, so far as this question of infringement is concerned, of claims No. 4 and No. 5, the italicized words being present in substance in each claim, and describes an element which is lacking in appellant's stave. That this element was an essential part of Caldwell's ventilated stave is disclosed both by the drawings and the specifications. In the latter he says:

"The invention relates to an improved grain-crib stave and has for its primary object to provide a structure having one or more ventilating openings therein *with a metal grating extending across the opening or openings and constituting reinforcing means for the stave.*"

Further he says:

"Imbedded within the stave medially thereof to extend across the ventilating openings is a plurality of rigid reinforcing rods or bars *24*, which are arranged substantially parallel to each other to extend longitudinally of the stave. These reinforcing bars thus extend medially through the web *23* for bracing the said web and at their end portions project beyond the outer ends of the ventilated openings into the body of the stave so that the said bars will thus also longitudinally reinforce the stave. At the same time, these bars will, as will now be clear, form gratings across the ventilating openings adapted to retain the contents of the crib so that wasting thereof will be avoided while a free circulation of air through the ventilating openings will be permitted for properly ventilating or drying out the contents of the crib. Furthermore, by spacing the reinforcing bars closely together, the gratings will prevent the entrance of rodents into the crib."

The drawings support the specifications. Patentee said:

"Fig. 2 is a side elevation showing one of the staves of the structure in detail and particularly illustrating the ventilating openings therein as well as the disposition of the reinforcing bars for the stave to form gratings at the openings."

We also herewith reproduce Fig. 2 showing the reinforcing rods, *24*:

This element, the reinforcement means, is not present in appellant's stave, and claims Nos. 4, 5, and 6, are therefore not infringed.

The argument respecting claim No. 7,

upon which appellee strongly relied on the oral presentation of this case, is understood better after an examination of the file wrapper. It appears that Caldwell first obtained his patent No. 1,298,174 on a "ventilated grain crib or silo." The specifications heretofore quoted from the reissue patent as well as the drawings appeared in this patent. Each claim contained as an element in the combination, "rigid, longitudinal reinforcing bars," or its equivalent.

After numerous hearings, the first six claims were allowed. The patent office directed an issuance of the patent. There was no suggestion of a stave which did not utilize the bars extending across the opening as reinforcing members. With the record in this state, applicant's solicitor amended "under the provisions of rule 78" by adding the present claim No. 7. Upon the representation that the proposed correction was merely formal, it was "ordered that the amendment (the addition of claim No. 7) be allowed under rule 78."

Between the date of the original application (March 21, 1921) and the date of the insertion of claim No. 7 (October 14, 1921) appellant's stave without a reinforced bar appeared on the market. Whether this fact occasioned the amendment we need not determine. It is sufficient to hold that the original specifications appearing in the reissue application did not support the allowance of any claim that failed to use the reinforcing bars. Likewise, the representations made, as well as the recital of the examiner precludes, the broad construction of claim No. 7, without which infringement of this claim does not appear.

We therefore conclude that claim No. 7 was likewise not infringed.

[2] Respecting patent No. 1,421,763, covering the "grain crib," claim No. 5 is herewith presented as typical of all those in issue:

"In a grain crib, base members, each of said base members having a straight end and an arcuate end, the base members being spaced apart to provide for a driveway between the straight ends thereof, an exterior wall extending upwardly from each base member, each of said exterior walls comprising an arcuate portion extending upwardly from the arcuate end of the base member and formed of comparatively thin stave sections constructed to coact to resist interior collapse, certain of said stave sections being provided with ventilating openings, tie members embracing each exterior wall to prevent exterior collapse thereof, a bent section closing the space between the ends of each exterior wall, means connecting the bent sections together for relative reinforcement, a housing above the driveway, and a ventilating stack within the enclosure formed by each exterior wall and its coacting bent section."

What the applicant here described was the common double corncrib with a drive between the two cribs and a roof covering both. The outside wall of each corncrib was arcuate and formed of the cement staves such as were described in appellant's reissue patent heretofore considered.

Appellant insists that it established the defense of prior public use, that the claims merely cover an aggregation, not a patentable combination, and that there was no patentable novelty displayed in the construction of this twin corncrib separated by a driveway and covered by a common roof.

It is unnecessary to consider the evidence bearing upon all the above-named defenses. We hold the claims are invalid for want of patentable novelty. The use of the ventilated cement stave seems to be the heart of Caldwell's invention, for he says in his specifications:

"The prime thought I have had in the matter of developing a practical and economical building for housing grain has been to develop walls of concrete material. * * * I have found from experience that a liberal supply of grated openings in the exterior wall produced a very good crib."

He likewise provided for greater ventilation and draft by means of the driveway. We cannot see anything novel in the shape of the crib, and the introduction into the claim of the arcuate wall was not new, and it does not contribute, in combination with other elements, any new result.

The decree is reversed, with costs, and with directions to dismiss the bill.